**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**ALVIN D. THOMPSON, #123927**                                                      **PETITIONER**

**VERSUS**                                                      **CAUSE NO. 3:13-CV-727-DPJ-FKB**

**MANAGEMENT TRAINING CORPORATION, ET AL.**                     **RESPONDENTS**

**ORDER OF DISMISSAL**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner

Thompson is a state inmate in the custody of the Mississippi Department of Corrections

(MDOC), currently incarcerated at the Walnut Grove Correctional Facility, Walnut Grove,

Mississippi. He filed this *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

After reviewing the Petition [1] and Response [4], in conjunction with the relevant legal

authority, the Court has come to the following conclusions.

**I.      Background**

On August 8, 2013, Petitioner was found guilty of a prison rule violation report (RVR)

for possession of major contraband (a cell phone). As punishment for this disciplinary

conviction, he lost 180 days of earned time.[1] Petitioner's appeal of the RVR and resulting

punishment was denied via the prison administrative remedy program. *See* Pet. [1] at 9 (ARP

Response Form).

Petitioner is claiming that this disciplinary conviction and resulting punishment violated

his constitutional rights. He asserts the following grounds for habeas relief:

Ground one:              Failure to give the accused a complete investigation or any

---

[1]"[A]n inmate may receive an earned time allowance . . . for each thirty days served if the department [MDOC] determines that the inmate has complied with the good conduct and performance requirements of the earned time allowance program." Miss. Code Ann § 47-5-138 (5).

|  | investigation at all. |
| Ground two: | Failure to provide an impartial disciplinary hearing officer. |
| Ground three: | Failure to provide a legibly written notice of the charges before hearing. |
| Ground four: | Failure to provide documentary evidence or exculpatory evidence. |

Pet. [1] at 5-7.  Petitioner is seeking the dismissal of the RVR from his prison records and restoration of the lost earned time.  *Id*. at 10.

## II.     Analysis

Initially, the Court notes that an inmate's request for the restoration of earned-time credits is properly pursued as a petition for habeas corpus relief under 28 U.S.C. § 2254.  *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002); *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief."  *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)).  In order to satisfy the exhaustion requirement, the substance of the federal claim must have been fairly presented to the highest state court.  *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004).  A petitioner must "afford the state court a fair opportunity to apply controlling legal principles to facts bearing upon his constitutional claim."  *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (citation and internal quotation marks omitted).

In order to determine if Petitioner exhausted the state remedies available to him, this Court entered an Order [3] directing Petitioner to file a written response to state whether he has filed an appeal of his administrative remedy final response with the state courts.  The Order also directed Petitioner to state whether he has filed any petitions, applications or motions with respect to the complained of disciplinary action and loss of earned time in any court.  Petitioner

filed his Response [4] on December 5, 2013, which stated that he has not filed an appeal of his administrative remedy final response or any other petitions or applications regarding the complained of disciplinary action and loss of earned time with the state courts.

Clearly, Petitioner has an available procedure to challenge the loss of his earned time credits with the state courts of Mississippi.  *See* Miss. Code Ann. § 47-5-807 (Rev. 2004) (inmate may appeal a final decision rendered by the MDOC Administrative Remedy Program to state court); *Lee v. Kelly*, 34 So. 3d 1203, 1205 (Miss. Ct. App. 2010) (inmate challenged MDOC's computation of earned time credits and eligibility for release); *Stokes v. State*, 984 So. 2d 1089 (Miss. Ct. App. 2008) (inmate appealed  MDOC's denial of administrative remedy regarding calculation of his sentence).  Since Petitioner plainly states that he has not filed any challenge to the complained of disciplinary action and loss of earned time with the state courts, it is clear that he has not satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c).  As such, Petitioner's request for habeas relief will be denied for failure to exhaust his state court remedies. *See Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.").

## III.    Conclusion

For the reasons stated herein, Petitioner Thompson's *pro se* Petition for habeas corpus relief will be denied for failure to exhaust and this case will be dismissed without prejudice.  A Final Judgment in accordance with this Order will be issued.

**SO ORDERED AND ADJUDGED** this the 12th day of December, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE